# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

JUAN MANUEL DE LEON,
(A Number: 222-594-037)

Petitioner,

v.

WARDEN, *California City Immigration Processing Center*,

Respondent.

Case No. 1:26-cv-07981-KES-EGC (HC)

**FINDINGS AND RECOMMENDATIONS THAT PETITIONER'S PETITION BE DENIED**

(Doc. 1)

**FOURTEEN-DAY DEADLINE**

Juan Manuel De Leon is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I. FACTUAL BACKGROUND

Petitioner is a citizen and national of Mexico who entered the United States on an unknown date without authorization or inspection. (Doc. 8-1 at 2). On May 22, 2026, Immigration and Customs Enforcement officers arrested and detained Petitioner. (*Id.* at 3).

On September 10, 2026, Petitioner was provided a bond hearing pursuant to 8 U.S.C. § 1226(a). (Doc. 8-6). The immigration judge ("IJ") denied Petitioner's request for custody redetermination finding Petitioner failed to meet his burden of proof that his release would not pose a danger to other persons or property and that he was not a flight risk. (*Id.* at 1).

Petitioner then filed a habeas petition, which is now before the Court, challenging his detention as being unconstitutionally prolonged. (Doc. 1). Petitioner seeks immediate release, or,

in the alternative, a constitutionally adequate custody hearing. (*Id.* at 7).

On October 7, 2026, Respondent filed a response to the petition. (Doc. 8).

## II. JURISDICTION & LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A district court may grant a writ of habeas corpus when the Petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020) (citing *Singh v. Holder*, 638 F.3d 1196, 1211–12 (9th Cir. 2011)).

## III. DISCUSSION

The parties do not dispute that Petitioner is currently detained under 8 U.S.C. § 1226(a) following Petitioner's arrest and detention. Petitioner has since been provided with a bond hearing before an IJ. (Doc. 8-6).

Petitioner contends that his continued detention violates his due process rights. (Doc. 1 at 2−7). Respondent argues the petition should be dismissed or denied, because Petitioner has already received the process he is due and that Petitioner has avenues of relief, such as an appeal to the Board of Immigration Appeals ("the Board"), that Petitioner must first exhaust. (Doc. 1 at 2−7).

The undersigned begins with Respondent's contention that Petitioner has failed to exhaust available remedies by failing to seek relief with the Board before seeking a writ of habeas corpus in this court. (Doc. 8 at 1). Petitioner, however, does not challenge the outcome of his bond hearing. Instead, Petitioner claims his detention is unconstitutionally prolonged under the Fifth Amendment's Due Process Clause. Therefore, the undersigned need not address Respondent's exhaustion argument.

Starting with the premise that 1226(a) informs the nature of Petitioner's detention, the undersigned evaluates Petitioner's Fifth Amendment claim and must consider whether Petitioner's procedural due process rights have been violated. Respondent argues that the government's

compliance with section 1226 afforded Petitioner with all of the process to which he is entitled. (Doc. 8 at 2). The undersigned agrees.

As held in analogous cases by various district courts, "Petitioner fails to establish a due process right to a pre-deprivation hearing before their detention and fails to establish that their arrest exceeded the government's statutory authority under § 1226(a)." *Okoth v. Kaiser*, No. EDCV 26-2353-AS, 2026 WL 45199, at *2 (C.D. Cal. Jan. 7, 2026); *see also*, *e.g.*, *Kafle v. Wofford*, No. 1:26-CV-01663-KES-HBK (HC), 2026 WL 2255203, at *3 (E.D. Cal. Aug. 5, 2026); *Valencia Zapata v. Kaiser*, 801 F. Supp. 3d 919, 938 (N.D. Cal. 2025) ("the statutory protections of § 1226(a) require only a prompt post-deprivation hearing"); *Salcedo Aceros v. Kaiser*, 2025 WL 2637503, at *12 (N.D. Cal. Sept. 12, 2025) ("[The s]ection 1226 framework typically provides for a post-detention, rather than pre-deprivation, bond hearings. If [s]ection 1226 and its regulations are followed, this provides for sufficient process, as detentions will only be made upon an initial DHS determination that an individual is a flight risk or poses a danger to society.").

The record shows Petitioner was detained on May 22, 2026, and removal proceedings were initiated. (Doc. 8-1 at 2). Pursuant to section 1226(a), Petitioner received a bond hearing on September 10, 2026, at which the IJ denied bond because Petitioner was a danger to the community and flight risk. (Doc. 8-6 at 1). Petitioner did not appeal this decision to the Board. (Doc. 8 at 1). Thus, the undersigned finds that Petitioner received due process under section 1226(a). *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1213 (9th Cir. 2022) (section 1226(a)'s post-detention bond procedures facially satisfy due process); *Zakharenkova v. Mullin*, 2026 WL 1454524, at *3–4 (C.D. Cal. May 19, 2026) (finding detainee held under section 1226(a) was not entitled to a pre-detention hearing because she was not re-detained after previous release on an order of supervision).

Further, the Ninth Circuit has held that due process did not require a second bond hearing at which the government bears the burden of proof by clear and convincing evidence for a petitioner detained under section 1226(a) fourteen months after his first section 1226(a) hearing was held. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1207–14 (9th Cir. 2022). Although *Rodriguez Diaz* did "not foreclose all as-applied challenges to [section] 1226(a)'s procedures," the undersigned finds that Petitioner has not demonstrated that their case is distinguishable from *Rodriguez Diaz*. *Id.*

Thus, the undersigned finds that Petitioner received due process under section 1226(a). *See id.* (section 1226(a)'s post-detention bond procedures facially satisfy due process); *Salcedo Aceros v. Kaiser*, 2025 WL 2637503, at *12 (N.D. Cal. Sept. 12, 2025) ("If [s]ection 1226 and its regulations are followed, this provides for sufficient process, as detentions will only be made upon an initial DHS determination that an individual is a flight risk or poses a danger to society.").

Finally, if Petitioner contests the IJ's factual determinations, the undersigned lacks jurisdiction to "reweigh [the] evidence" on a challenge to an IJ's bond decision and may "only determine whether the [IJ] applied the correct legal standard." *Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024) (cleaned up).

Accordingly, the undersigned recommends that the Court deny Petitioner's petition.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition for writ of habeas corpus, (Doc. 1), be DENIED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen (14) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838□39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to

Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated: **October 26, 2026**

UNITED STATES MAGISTRATE JUDGE